# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** ) | |
| ) | **Chapter 7** |
| **CITY LINE BEHAVIORAL** ) | **Case No. 19-12493-mdc** |
| **HEALTHCARE, LLC,** ) | |
| ) | |
| **Debtor.** ) | |
| ) | |
| ) | |
| **Gary F. Seitz, as Chapter 7 Trustee of** ) | |
| **the Estate of City Line Behavioral** ) | |
| **Healthcare, LLC** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Adv. Proc. No.: 21-** |
| ) | |
| **First Clearing Corp.,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT TO AVOID TRANSFERS AND TO RECOVER
## <u>PROPERTY TRANSFERRED</u>

Gary F. Seitz, as Chapter 7 Trustee (the "Trustee" or "Plaintiff") of the Estate of City Line Behavioral Healthcare, LLC, (the "Debtor"), by and through his undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers against First Clearing Corp. (the "Defendant"), and in support thereof alleges upon information and belief as follows:

### <u>NATURE OF THE CASE</u>

1. This is a complaint to avoid a transfer(s) of or to recover property of the estate pursuant to Pa.C.S.A. §§5101 – 51192 and Section 550 of the Bankruptcy Code. To the extent that Defendant has filed a proof of claim or has a claim listed on the Debtor's schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtor or the Debtor's chapter 7 estate (collectively, the "Claims"), this Complaint is not intended to be,

nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502 (a) through (j) ("Section 502"), and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to Section 502 may be sought by Plaintiff herein as further stated below.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court"), Case No. 19-12495-mdc, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. The statutory and legal predicates for the relief sought herein are Pa.C.S.A. §§5101 – 51192, sections 502 and 550 of the United States Code, 11 U.S.C. §§101-1532 (the "Bankruptcy Code") and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. This adversary proceeding is a "core" proceeding to be heard and determined by this Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders for matters contained herein.

5. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE PARTIES

6. Plaintiff was appointed as Chapter 7 Trustee and, in his capacity thereof, is authorized, among other things, to investigate, prosecute and resolve avoidance actions.

7. The Debtor is a Pennsylvania limited liability company with a registered address of 1035 Virginia Drive, Suite 130, Fort Washington, PA 19034.

8. Upon information and belief, at all relevant times, Defendant is a corporation with a business address of 1 North Jefferson, St. Louis, MO 63103.

## BACKGROUND

9. On April 17, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

10. Gary F. Seitz was appointed as the Chapter 7 Trustee.

11. Plaintiff has completed an analysis of all readily available information of the Debtor and is seeking to avoid all of the transfers of an interest of the Debtor's property made by the Debtor to Defendant within the four (4) years preceding the Petition Date (the "PA Fraudulent Transfer Period").

12. Plaintiff has determined that the Debtor made transfers (the "Transfers") of an interest of the Debtor's property to or for the benefit of Defendant during the PA Fraudulent Transfer Period as follows:

| PAYEES | CHECK # | CHECK DATE | CLEARING DATE | AMOUNT | ACCOUNT |
|---|---|---|---|---|---|
| First Clearing Corp. | 1078 | 12/31/16 | 01/04/17 | 2,150,000.00 | PNC5189 |
| First Clearing Corp. | 1077 | 01/05/17 |  | 2,000,000.00 | PNC5189 |
|  |  |  |  | Total 4,150,000.00 |  |

13. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendants during the PA Fraudulent Transfer Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves his right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (*e.g.*, but not exclusively,

11 U.S.C. §§ 542, 544, 545, 547, 548 and/or 549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## **CLAIMS FOR RELIEF**

### COUNT I
### (PA State Fraudulent Transfer - Pa.C.S.A. §§5101 – 51192)

14. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Count.

15. The Transfer is voidable as actually fraudulent pursuant to 11 U.S.C. §544 and 12 Pa.C.S.A. §§5101 – 51192.

16. The Transfer is voidable as constructively fraudulent pursuant to 11 U.S.C. §544 and 12 Pa.C.S.A. §§5101-51192.

17. The following factors are considered in determining whether a debtor acted with an intent to hinder, delay or defraud: (1) lack or inadequacy of consideration; (2) family, friendship or other close relationship between the transferor and transferee; (3) retention of possession, benefit or use of the property in question; (4) financial condition of the transferor prior to and after the transaction; (5) conveyance of all of the debtor's property; (6) secrecy of the conveyance; (7) existence of [a] trust or trust relationship; (8) existence or cumulative effect of pattern or series of transactions or course of conduct after the pendency or threat of suit; (9) instrument affecting the transfer suspiciously states it is bona fide; (10) debtor makes voluntary gift to family member; and (11) general chronology of events and transactions under inquiry ("badges of fraud").

18. A confluence of the "badges of fraud" are present in this case.

19. Specifically, the Trustee points to the facts: (1) Defendant received the Transfer; (2) no consideration, or reasonably equivalent value was provided for the Transfer, (3) the Debtor

was insolvent at the time of the Transfers and/or as a result of the Transfer became insolvent; (4) general chronology of events and transactions under inquiry.

20. Based upon the foregoing, the Transfer constitutes a fraudulent transfer pursuant to 11 U.S.C. § 548 and can be recovered from the Defendant pursuant to § 550 of the Bankruptcy Code.

21. The trustee may pursue his rights to recover the property interest or the value of the property interest in accordance with 11 U.S.C. § 550(a).

## COUNT II
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

22. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Count.

23. Plaintiff is entitled to avoid the Transfer pursuant to 12 Pa.C.S.A. §§5101 – 51192.

24. Defendant was the initial transferee of the Transfer or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfer was made.

25. Pursuant to 11 U.S.C.§ 550(a), Plaintiff is entitled to recover from Defendant the Transfer, plus costs of this action.

## COUNT III
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

26. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Count.

27. Defendant is entities from which property is recoverable under 11 U.S.C. § 550.

28. Defendant is the transferee of the Transfer avoidable under 12 Pa.C.S.A. §§5101 – 51192.

29. Defendant has not paid the amount of the Transfer, or turned over such property, for which Defendants are liable under 11 U.S.C. § 550.

30. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignees, against the Debtor's chapter 7 estate or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Transfer, plus interest thereon and costs.

31. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtor's chapter 7 estate or Plaintiff previously allowed by the Debtor or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Transfer.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant it the following relief against Defendants:

A. That the Transfer avoidable under 12 Pa.C.S.A. §§5101 – 51192 be avoided;

B. That the Transfer, to the extent avoided pursuant to 12 Pa.C.S.A. §§5101 – 51192, be recovered by Plaintiff pursuant to 11 U.S.C. § 550;

C. That judgment be entered against Defendant and in favor of Plaintiff in the amount of $4,150,000.00 (the "Judgment");

D. Disallowing, in accordance with 11 U.S.C. § 502(d), any Claims held by Defendant and/or its assignee until Defendant satisfies the Judgment;

E. Disallowing, in accordance with 11 U.S.C. § 502(j), any Claims held by Defendant and/or its assignee until Defendant satisfies the Judgment;

F.  Awarding pre-judgment interest at the maximum legal rate running from the date of the filing of the Complaint to the date of Judgment herein;

G.  Awarding post-judgment interest at the maximum legal rate running from the date of Judgment herein until the date the judgment is paid in full, plus costs;

H.  Requiring Defendant to pay forthwith the Judgment amount awarded in favor of Plaintiff; and

I.  Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: April 16, 2021                GELLERT SCALI BUSENKELL & BROWN, LLC

By: /s/ Holly S. Miller
    Gary F. Seitz, Esquire
    Holly S. Miller, Esquire
    8 Penn Center
    1628 John F. Kennedy Blvd., Suite1901
    Philadelphia, PA 19103
    Telephone: (215) 238-0010
    Fax: (215) 238-0016
    E-mail: gseitz@gsbblaw.com
          hsmiller@gsbblaw.com

*Counsel for Chapter 7 Trustee*